UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEREK PATTON,

    Plaintiff,

    v.       CAUSE NO. 3:25-CV-1015-GSL-APR

STONE, ROBINSON, and RON NEAL,

    Defendants.

OPINION AND ORDER

Derek Patton, a prisoner without a lawyer, filed a complaint alleging he was assaulted by guards at the Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Patton alleges that on May 15, 2025, Lt. Stone maced him without notice while he posed no threat to anyone. He alleges he was taken to the SMC shower where Lt. Stone tazed him several times while he was on the floor in full restraints. He alleges Lt. Stone and Sgt. Robinson also struck him all over his body while he was restrained. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to

cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). This complaint states a claim against Lt. Stone and Sgt. Robinson for using excessive force in violation of the Eighth Amendment.

Patton alleges other unknown officers also used excessive force against him during these incidents. The complaint includes two John Doe defendants. However, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). If Patton can identify these defendants through discovery or otherwise, he may file an amended complaint, but for now they will be dismissed.

Patton alleges he was taken to medical after he was beaten by the defendants, but he sues for denial of medical treatment because during the beating someone said, "Don't call a medical signal yet, let this motherfucker die." ECF 1 at 6. This is not a denial of medical treatment – it is merely part of the ongoing beating. The continuation of the beating states a claim without regard to what was said. Merely saying they wanted to continue beating him rather than stopping the beating to take him to medical does not create a separate denial of medical treatment claim.

Patton alleges Sgt. Stone has threatened to kill him because he filed grievances. "To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take

2

the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quotation marks omitted). This allegation of retaliation states a claim because "not only actual harms but also threats of harm can deter First Amendment activity." *Id*. at 949.

Patton sues Warden Ron Neal and Deputy Warden Dawn Buss alleging he has written to them about his need for medical treatment because the wounds he received during the beating are getting worse. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). However, Warden Ron Neal, in his official capacity, has both the authority and the responsibility to ensure Patton receives constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The complaint states a claim against Warden Neal, but not against Deputy Warden Dawn Buss.

For these reasons, the court:

(1) GRANTS Derek Patton leave to proceed against Lt. Stone and Sgt. Robinson in their individual capacities for compensatory and punitive damages for using excessive force against him on May 15, 2025, at the Indiana State Prison in violation of the Eighth Amendment;

(2) GRANTS Derek Patton leave to proceed against Lt. Stone in his individual capacity for retaliating against him for filing grievances by threatening to kill him in violation of the First Amendment;

(3) GRANTS Derek Patton leave to proceed against Warden Ron Neal in his Official capacity to obtain constitutionally adequate medical treatment as required by the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Dawn Buss, Jane Doe, and John Doe;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lt. Stone, Sgt. Robinson, and Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lt. Stone, Sgt. Robinson, and Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 15, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT