UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEREK PATTON,<br><br>Plaintiff,<br><br>v.<br><br>STONE, *et al.*,<br><br>Defendants. | CAUSE NO. 3:25-CV-1015 |

**OPINION AND ORDER**

This matter is before the court on the Motion to Dismiss for Lack of Jurisdiction Warden Neal's Motion to Dismiss as Moot Under Federal Rule of Civil Procedure 12(b)(1) [sic] [DE 28] filed by Defendant Ron Neal on August 5, 2026. The plaintiff, Derek Patton, did not file a response, and the time to do so has passed. This motion is now ripe for ruling.

While Derek Patton, a prisoner without a lawyer, was incarcerated at the Indiana State Prison ("ISP"), the court granted him leave to procced against Warden Ron Neal, in his official capacity, as the person who has "both the authority and the responsibility to ensure Patton receives constitutionally adequate medical treatment as required by the Eight Amendment." [DE 4 at 3]. Since then, Patton has been moved from the ISP to the Pendleton Correctional Facility. [*See* DE 27]. Following this move, Warden Neal moved to dismiss as moot Patton's claim for injunctive relief against him. [DE 28]. Patton has not responded to the motion.

The court agrees with Warden Neal and will dismiss Patton's claim against him. "If a prisoner is transferred to another prison [or released from custody], his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (internal quotation marks and citation omitted). "Allegations of a likely retransfer may not be based on mere speculation" and are generally only deemed "capable-of-repetition" if a plaintiff makes a "reasonable showing that he will again be subject to the alleged illegality." *Id*. (citations omitted); *see also E.F.L. v. Prim*, 986 F.3d 959, 963 (7th Cir. 2021) ("For this mootness exception to apply, there must be a demonstrated probability that the same controversy will recur involving the same complaining party.") (internal quotation marks and citation omitted)).

Here, Patton's notice of change of address provides no indication that he may be transferred back to ISP [*see* DE 27], and there is no other plausible basis in the record to support such an inference. Thus, the claim for injunctive relief against Warden Neal became moot on May 14, 2026, when Patton was transferred to Pendleton Correctional Facility, and it must be dismissed as such. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) ("[Plaintiff's] prayers for injunctive relief are moot because he is no longer an inmate at Lawrence.").

For these reasons, the court **GRANTS** Warden Neal's Motion to Dismiss for Lack of Jurisdiction [DE 28] and **DISMISSES** Warden Neal from this case.

ENTERED this 15th day of October, 2026.

/s/Andrew P. Rodovich
United States Magistrate Judge